UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO, *ex rel.* HECTOR H. BALDERAS, Attorney General<br><br>Plaintiff,<br><br>v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC.; VOLKSWAGEN AG; AUDI OF AMERICA, LLC; AUDI AG; PORSCHE CARS NORTH AMERICA, INC; PORSCHE AG,<br><br>Defendants. | Case No. 1:16-cv-00147-MCA-LF |

## DEFENDANTS' OPPOSED
## MOTION FOR A STAY OF PROCEEDINGS

Defendants Volkswagen Group of America, Inc. ("VWGoA"), Volkswagen AG ("VW AG"), Audi of America, LLC ("Audi America"), Audi AG, Porsche Cars North America, Inc. ("PCNA"), and Porsche AG (collectively, "defendants"), hereby move the Court to stay all proceedings in this case, including defendants' obligation to respond to the Complaint and to any remand motion by the plaintiff, pending transfer to *In re: Volkswagen "Clean Diesel" Marketing Sales Practices, and Products Liability Litigation,* MDL 2672.  On December 8, 2015, the Judicial Panel on Multidistrict Litigation ("JPML") transferred those proceedings to the U.S. District Court for the Northern District of California before the Honorable Judge Charles Breyer. This motion also seeks an extension of time to file any pleadings or pre-trial obligations directed to the Complaint, which will ultimately be addressed in the MDL.

## INTRODUCTION

This action is one of hundreds of cases filed in a multitude of federal districts courts throughout the country (the "Related Actions"), including this Court, based on allegations

concerning the widely publicized Environmental Protection Agency ("EPA") Notices of Violation concerning alleged installation of emissions testing "defeat devices" in certain Volkswagen, Audi and Porsche diesel vehicles. Those Related Cases all assert similar, related allegations and claims against defendants for the same alleged actions and conduct at issue here.

On September 22, 2015, a motion was filed in the JPML for Transfer and Centralization of all Related Cases then filed in federal district court and any future tag-along actions (the "MDL Motion") to a single Federal court for coordinated or consolidated pretrial proceedings. Numerous transfer motions to the JPML followed. That proceeding was captioned *In re: Volkswagen "Clean Diesel" Marketing Sales Practices, and Products Liability Litigation,* MDL No. 2672. On December 8, 2015, the JMPL transferred consolidated cases to an MDL in the Northern District of California. MDL No. 2672, Doc. 950. Conditional Transfer Order -7 ("CT0-2") has already transferred from this Court to MDL No. 2672 all "Diesel Emission" cases pending at that time in this Court. MDL No. 2672, Doc. 188, at * 3.

VWGoA or its corporate affiliates are defendants in each of those MDL Related Actions. Defendants support transfer of Related Cases for coordinated or consolidated pretrial proceedings, including the instant case. This Court has already ordered a stay pending transfer to the MDL in a Related Case. *See, Levy v. Volkswagen AG, 1:15-cv-01179 –RJ-LF (D.N.M.).* In granting VWGoA's motion for a stay in *Levy*, Magistrate Judge Fashing focused on the conservation of resources, the avoidance of duplicative efforts and inconsistent rulings, and the minimal (if any) prejudice experienced by plaintiff as a result of a short delay in the pace of that particular case. The same rationale holds true in the instant case.

At this time, with an MDL already established and the transfer of this case imminent, it would be a waste of judicial resources and an unnecessarily significant expenditure of the parties'

resources for litigation to proceed in this case. In addition, having this and other actions proceed before different judges when there is an MDL proceeding pending creates the very real risk of inconsistent and/or contrary rulings involving the same issues.

Accordingly, defendants respectfully request that this Court stay all proceedings in this action, including defendants' obligation to respond to the Complaint and to plaintiff's anticipated remand motion, pending transfer of this case to the MDL court in the Northern District of California. A stay of proceedings serves the interests of judicial economy by avoiding duplicative pretrial proceedings and discovery, and by minimizing the risk of potentially inconsistent rulings on issues common to all Related Actions. Plaintiff will not be prejudiced by the requested stay, and such a stay will avoid unduly prejudicing defendants.

## BACKGROUND

On September 18, 2015 and November 2, 2015, the EPA issued Notices of Violation arising from an ongoing investigation of defendants for violations of the Clean Air Act. According to the EPA, defendants had been installing "defeat devices" in certain 2009-2015 model year diesel engine vehicles.  It is alleged that these devices bypassed and defeated the vehicles' emission control systems so that the vehicles would improperly pass emissions testing. Each of the hundreds of actions pending nationwide, including the instant case, seeks relief based on the same EPA reports, conduct, and category of vehicles alleged therein.

On January 19, 2016, the State of New Mexico, acting through Hector Balderas, the New Mexico Attorney General (the "State"), filed this action in the First Judicial District Court, Santa Fe County, New Mexico, as case number D-101-CV-2016-0013.  The State's Complaint names VWGoA, VW AG, Audi America, Audi AG, PCNA, and Porsche AG as defendants.  Counsel for defendants VWGoA, VWAG, Audi of America, and Audi AG accepted service of the

complaint and summons by e-mail on February 1, 2016. Counsel for defendants PCNA and Porsche AG accepted service of the complaint and summons by e-mail on February 11, 2016. On March 1, 2016, defendants timely filed a Notice of Removal removing this action to this Court. Defendant filed a Notice of Tag-Along Action with the JPML on March 3, 2016, notifying the Court that this action "involves common questions of law and fact with the action pending in *In re: Volkswagen 'Clean Diesel' Marketing Sales Practices, and Product Liability Litigation*, MDL 2672." Counsel for defendants asked plaintiff's counsel to consent to a stay for the reasons set forth in this motion, but counsel would not agree to a stay pending the transfer of this action to the designated MDL No. 2672.

For the reasons set forth below, defendants respectfully request that a full stay of all proceedings, including the filing of responsive pleadings or motions, opposition to any remand motion by the State, and all discovery, be entered pending transfer to MDL No. 2672.

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N Am. Co.,* 299 U.S. 248, 254 (1936); *see ME, Inc. v. JCM Am. Corp.,* No. 09-351, 2009 WL 3335866, at *4 (D.N.J. Oct. 15, 2009) (reasons for granting a stay "may include 'the interests of justice and judicial economy, including avoiding inconsistent results, the duplication of efforts, and the waste of judicial resources'") (internal citation omitted). Courts generally consider three factors when determining whether a stay is appropriate pending the MDL Panel's consideration of a motion to transfer a case for coordinated or consolidated proceedings: (1) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated; (2) the hardship or inequity to the moving party if

the action is not stayed; and (3) the potential prejudice to the non-moving party. *See Rivers v. Walt Disney Co.,* 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

## ARGUMENT

### THE COURT SHOULD STAY ALL PROCEEDINGS UNTIL TRANSFER TO CONSERVE RESOURCES AND AVOID PREJUDICE TO DEFENDANT

A.  A Stay Would Conserve Judicial Resources.

The goal of multidistrict litigation is to coordinate the pretrial management of actions sharing common facts to promote the just and efficient conduct of the litigation. *See* 28 U.S.C. § 1407. This coordination is "necessary to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." *In re Vioxx Prods. Liab. Litig.,* 360 F. Supp. 2d 1352, 1354 (JPML 2005). "A majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers*, 980 F. Supp. at 1362 (citing cases); *see also Maiben v. CSX Transp., Inc.,* No. 09~0125-WS-B, 2009 WL 1211186, at * 1 (S.D. Ala. May 1, 2009) (staying litigation pending transfer to MDL); *Bonefant v. R.J. Reynolds Tobacco Co.,* No. 07-60301~CIV, 2007 WL 2409980, at * 1 (S.D. Fla. July 31, 2007) ("(I]t is common practice for courts to stay an action pending a transfer decision by the JPML."). Federal courts have consistently stayed cases pending a transfer decision[1], and logic dictates that the very purpose of 28 U.S.C. § 1407 - the "promot[ion] of just and efficient conduct" – would be furthered by a stay in this instance.

---

[1] *See, e.g., Barber v. BP, PLC*, No. 10-0263-WS~B, 2010 WL 3270229, at *1 (S.D. Ala. Aug. 16, 2010) (finding that "the interests of justice would be served by entry of a stay" where transfer to MDL appeared highly likely); *Hertz Corp. v. The Gator Corp.*, 250 F. Supp. 2d 421,428 (D.N.J. 2003) (granting stay, including a motion for a preliminary injunction, pending MDL Panel's decision on consolidation because, inter alia, "[w]ithout a short stay, the Court loses the potential efficiencies that would be created by having pretrial issues involving common facts and

A stay in this action will similarly promote judicial economy by avoiding duplicative efforts by this Court and the parties. Since the JPML has consolidated related Federal "Diesel Emission" cases into one MDL court already, any action taken by this Court now will have to be replicated by Judge Charles Breyer, who has been assigned the consolidated litigation. *See Rivers,* 980 F. Supp. at 1360-61 (absent a stay "this Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge," and "any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation"). Indeed, "the time and energy this Court would devote to any rulings it might make . . . could be for naught if this action is transferred to another court and that court modifies or vacates any of this Court's orders." *Id.* It would be a waste of time, resources and expenses, for this Court to preside over proceedings herein with the clear probability that its efforts will be necessarily discarded, or will need to be duplicated by the MDL court. *See Gorea v. Gillette Co.,* No. 05-2425 MP, 2005 WL

---

law decided by a single judge"); *Benge v. Eli Lilly & Co.*, 553 F. Supp. 2d 1049, 1051 (N.D. Ind. 2008) (granting stay pending transfer to MDL Panel because of considerations of judicial economy and potential prejudice to defendant and failure of plaintiffs to oppose motion); *Smith v. Mail Boxes, Etc. USA, Inc.*, 191 F. Supp. 2d 1155, 1157 (E.D. Cal. 2002) (granting stay pending MDL Panel's determination on transfer); *Bd of Trs. of the Teachers' Ret. Sys. of Ill. v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 906 (N.D. Ill. 2002) (granting stay pending MDL Panel's transfer decision because "[o]n balance, this court believes that the interests of judicial economy and the threat of inconsistent rulings outweighs the prejudice to the [plaintiffs] from delay"); *Medical Soc'y of New York v. Conn. Gen. Corp.*, 187 F. Supp. 2d 89, 91-92 (S.D.N.Y. 2001) (granting stay pending MDL Panel's decision on transfer because, in part, "plaintiffs have not demonstrated any prejudice in the event of a stay except the slight delay in deciding the remand motion"); *Namovicz v. Cooper Tire & Rubber Co.*, 225 F. Supp. 2d 582, 585 (D. Md. 2001) ("a stay in proceedings pending the determination of the MDL Panel is appropriate" and that a "stay is necessary to ensure that, in the event consolidation of all cases for pre-trial litigation is ordered, there is consistent treatment of the numerous lawsuits and that judicial resources are not wasted"); *Weinke v. Microsoft Corp.*, 84 F. Supp. 2d 989, 990 (E.D. Wis. 2000) (rejecting plaintiff's claims of delay and prejudice as "cursory assertions of prejudice [that] do not outweigh the disadvantages of litigating identical claims in a multitude of venues. The court concludes that in light of the pending MDL Panel ruling on transfer, this action should be stayed in the interest of judicial economy and to avoid inconsistent results."); *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) (granting stay pending decision by MDL Panel on transfer); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) (granting stay pending decision by MDL Panel because "it appears that a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved" and concluding that a stay would "serve the interests of judicial economy and because there is no evidence that it would prejudice Defendant").

2373404, at * 1 (W.D. Tenn. Sept. 26, 2005) ("[A] stay is warranted in this case . . . [because otherwise] the court would have to use judicial resources in making rulings .. . in a case over which it might ultimately lose jurisdiction.").

As discussed below further, duplicative litigation, including pre-trial proceedings, is also a waste of the parties' resources. The State seeks relief based on allegations of the same misconduct defendants are accused of in the hundreds of other actions filed in district courts throughout the country, and which have now been transferred to MDL No. 2672. A clear potential, therefore, exists for duplicative pleadings, discovery, and conflicting rulings raised by these Related Actions. Absent a complete stay in this case, defendants will be forced to answer, or further respond, including potential discovery, which is contrary to !he purpose of establishing an MDL in the first place. *See* JPML Transfer Order, MDL No. 2672, Doc. 950. Further, the decisions of this Court and those of the MDL court, including rulings, may conflict. *See Hertz Corp. v. The Gator Corp.,* 250 F. Supp. 2d 421, 427 (D.N.J. 2003) (to deny a stay would potentially result "in conflicting decisions by this Court and the transferee court . . . thereby decreasing a primary benefit of consolidation, namely consistent rulings on important pretrial issues"). This wastes the resources of the courts, including this Court, which must unnecessarily entertain, these duplicative motions and proceedings. Moreover, a stay eliminates the potential for duplicative pretrial proceedings and inconsistent rulings. *See Johnson* v. *AMR Corp.,* Nos. 95 C 7659 - 95 C 7664, 1996 WL 164415, at *3 (N.D. Ill. April 1, 1996) ("But the benefits of transferring them to the MDL--the body established by Congress specifically to ameliorate the duplicative litigation and the valuable waste of judicial resources-are obvious.").

The risk of duplicative pretrial and unnecessary discovery proceedings weighs heavily in favor of a stay pending transfer to the Northern District of California MDL Case No. 2672. *See,*

*e.g., American Seafood, Inc. v. Magnolia Processing, Inc.,* No. 92-1030, 92-1086, 1992 WL 102762, at * 2 (E.D. Pa. May 6, 1992) ("The duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of the stay.").[2]

      B.    <u>A Stay Will Not Prejudice the State</u>.

There is no prejudice to the State if the Court stays this action pending transfer to the MDL. This case is still only weeks old, discovery has not yet begun, and no scheduling order has been entered by this Court. Any short delay effected by a stay pending transfer will not cause any prejudice to the State. *See American Seafood, Inc.,* 1992 WL 102762, at * 2. Indeed, "even if a temporary stay can be characterized as a delay prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such delay." *Egan v. Del-Val Financial Corp.,* No. 90-4338, 1991 WL 13726, at * 1 (D.N.J. Feb. 1, 1991); *see also Rivers,* 980 F. Supp. at 1362, n. 5 ("[E]ven if a temporary stay could be characterized as a delay that would be prejudicial . . . there are still considerations of judicial economy that outweigh any prejudice[.]"). The Plaintiffs' Steering Committee in the MDL has already filed a consolidated consumer class action complaint. In addition, on February 25, 2016, Judge Breyer issued a set of Pretrial Orders related to discovery, remand motions, a

---

[2] In addition to this Court, *see Levy, 1:15-cv-01179-RH-LF,* district courts throughout the United States have issued stay orders in Related Actions which had been removed to federal court, pending a decision by the JPML regarding transfer to the MDL. *See, e.g., Pope v. Volkswagen Group of America, Inc., 2:16-cv-00146-RSM* (W.D. Wash.) ("The Court agrees with Defendant that in this instance, a short stay would promote judicial efficiency, avoid the potential for inconsistent rulings and would not prejudice plaintiff. Moreover, it appears that the MDL panel will be considering one or more motions to remand filed by Plaintiff's counsel in a companion case, which may be pertinent to Plaintiff's pending motion in this Court. Accordingly, the Court agrees that a stay is appropriate in this matter"); *Earle v. Volkswagen Group of America, l: 16-cv-00443-JKB* (D. Md.); *Helms v. Volkswagen AG, 1:15-cv-00508-WS-N* (S.D. Ala.).

protective order and state court coordination. *See* Pretrial Order Nos. 9, 10, 12, 13, Dkt. Nos. 1252, 1253, 1255, 1256.  Further, the JPML moves very quickly in filing CTOs for designated "tag along" cases once they have been notified; which defendants have already done.  There have already been 23 CTOs issued by the JPML.

        C.      <u>A Stay Would Avoid The Risk of Undue Prejudice to Defendants</u>.

Prejudice to defendants in the absence of a stay is substantial and far outweighs any prejudice to the State if a stay is granted. Even in the infancy of this litigation, there are substantial burdens and costs on defendants. Absent a stay pending a transfer in these related actions, defendants will be saddled with the time and substantial costs of unnecessarily responding, to hundreds of complaints, discovery requests and judicial proceedings in various jurisdictions, in addition to conflicting rules, requirements and deadlines, inconsistent pretrial obligations, and potentially other inconsistent rulings. *See A.D. v. Pfizer, Inc.,* No. 13-cv-02466-JST, 2013 WL 3889159, at * 2 (N.D. Cal. July 26, 2013) ("Defendants would face the risk of unnecessary proceedings and inconsistent rulings on recurring questions of law and fact if the case is not stayed."); *Paul v. Aviva Life & Annuity Co.,* No. 09-1038, 2009 WL 2244766, at * 2 (N.D. Ill. July 27, 2009) (defendants could suffer "clear hardships" if a stay were denied, including "potentially [being] faced with conflicting decision on similar pre-trial issues from this court and the transferee court" and being "force[d] . . . to participate in duplicative discovery"); *Bd. of Tr. of Teachers' Ret. Sys. of Ill. v. Worldcom, Inc.,* 244 F. Supp. 2d 900, 903 (N.D. Ill. 2002) (noting the burdens imposed on defendants of "litigating essentially the same claims in courts all over the country"). A complete stay will avoid the risk of such undue prejudice to defendants.

Granting a stay until the JPML transfers the instant case will promote the just and efficient administration of this litigation. Both the Court and the parties will benefit from a stay by avoiding work that will become unnecessary. Neither the State nor the defendants would be prejudiced by such a stay; this case is in its infancy, and the stay's duration will likely be brief until transfer to the MDL. By contrast, in the absence of a stay, the Court's resources will be wasted, and defendants will be prejudiced by having to needlessly expend time and considerable expense defending this and the related actions not yet transferred to the MDL, and face the risk of inconsistent rulings and duplicative efforts on important pretrial issues. A stay would alleviate any such risks.

## CONCLUSION

For the foregoing reasons, therefore, defendants respectfully requests that this Court enter an order staying all proceedings in this action, including defendants' obligation to file any responsive pleadings, pretrial proceeding compliances, opposition to any remand motion filed by the State, and any discovery, until transfer to MDL 2672 before Judge Breyer in the Northern District of California.

Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A..

By: *"Electronically Filed" /s/ Andrew G. Schultz*
 Andrew G. Schultz
P.O. Box 1888
Albuquerque, NM  87103
Telephone:  (505) 765-5900
Facsimile:  (505) 768-7395
Email:  aschultz@rodey.com

*Attorneys for Volkswagen Group of America, Inc., Volkswagen AG; Audi of America, LLC, and Audi AG*

MODRALL SPERLING

By: */s/ Susan Miller Bisong*
     Susan Miller Bisong
     Christina C. Sheehan
P.O. Box 2168
Albuquerque, NM   87103
Telephone:   (505) 848-1801
Facsimile:   (505) 848-9710
Email:   susan.bisong@modrall.com
         christina.sheehan@modrall.com

*Attorneys for Porsche Cars North America, Inc. and Porsche AG*

CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2016, a true and correct copy of the foregoing *Motion for a Stay of Proceedings* was served on the following counsel for Plaintiff by U.S. mail and electronic mail:

HECTOR H. BALDERAS
NEW MEXICO ATTORNEY GENERAL
Peter S. Auh
Deputy Attorney General for Civil Affairs
408 Galisteo Street
Santa Fe, NM 87501
Email: pauh@nmag.gov

GRANT & EISENHOFER. P.A.
Adam J. Levitt
Edmund S. Aronowitz
30 North LaSalle Street Suite 2350
Chicago, ILL 60602
Email: alevitt@gelaw.com
earonowitz@gelaw.com

GRANT & EISENHOFER. P.A.
Jay W. Eisenhofer
485 Lexington Avenue
New York, NY 10017
Email: jeisenhofer@gelaw.com

GRANT & EISENHOFER. P.A.
Jeffrey A. Almeida
Kyle McGee
123 Justison Street
Wilmington, DE 19801
Email: jalmeida@gelaw.com
kmcgeez@gelaw.com

ROBLES, RAEL & ANAYA, P.C.
Marcus J. Rael
Jordon P. George
500 Marquette Ave., NW, Suite 700
Albuquerque, NM 87102
Email: marcus@roblesrael.com
jordon@roblesrael.com

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.


By        */s/ Andrew G. Schultz*                    .
        Andrew G. Schultz