IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO,
ex rel. HECTOR H. BALDERAS,
Attorney General

Plaintiff,

v.                                                                                          1:16-cv-00147-MCA-LF

VOLKSWAGEN GROUP OF AMERICA, INC.;
VOLKSWAGEN AG; AUDI OF AMERICA, LLC;
AUDI AG; PORSCHE CARS NORTH AMERICA, INC.;
PORSCHE AG,

Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANTS' MOTION TO STAY

THIS MATTER comes before the Court on a motion to stay by defendants Volkswagen Group of America, Inc.; Volkswagen AG; Audi of America, LLC; Audi AG; Porsche Cars North America, Inc.; and Porsche AG.  Doc. 7.  Having read the motion, response, and reply, and being otherwise fully advised, the Court finds the motion is well taken and will be granted.

### I.      Introduction and Procedural Posture

This case is one of hundreds of similar cases across the country that arises from allegations of the installation of emissions testing "defect devices" in certain Volkswagen, Audi, and Porsche diesel vehicles.  Plaintiff State of New Mexico alleges that through deceptive advertising practices, the defendants deliberately deceived the public and regulators by delivering, offering for sale, marketing and selling automobiles in New Mexico that contained a "defeat device" designed to deceive regulatory agencies and consumers into believing that the vehicles complied with environmental laws and regulations when they did not.  Doc. 1-1.

The State initiated this lawsuit in January of 2016 in the State of New Mexico, First Judicial District Court, County of Santa Fe.  Doc. 1-1.  Defendants removed the case to this Court based on federal question jurisdiction.  Doc. 1 (filed March 1, 2016).  Beginning in December of 2015,  the Judicial Panel on Multidistrict Litigation (the "Panel") has transferred several hundred similar cases from across the nation to the United States District Court for the Northern District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.  Doc. 7 at 1.  On March 3, 2016, Volkswagen moved to stay these proceedings pending a determination by the Panel of whether this case should be joined with other related cases that have been previously consolidated in the case styled *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2672.  *Id.*  That same day, the State filed a motion to remand this matter to the state court for lack of subject matter jurisdiction, contending that the State's causes of action arise solely under New Mexico law.  Doc. 8.  On  March 7, 2016, the Panel issued a conditional transfer order, indicating the Panel's intent to consolidate this case with those already a part of the multidistrict litigation.  Doc. 12-2.

**II.     Discussion**

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings.  However, a district court has the inherent power to stay a case.  *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Id.*

The Court examines three factors when analyzing whether to stay a case pending transfer to the MDL Panel, including "(1) potential prejudice to the non-moving party; (2) hardship and

inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Rivers v. Walt Disney Co.,* 980 F. Supp. 1358, 1360 (C.D. Cal. 1997); *see also Torres v. Johnson & Johnson*, No. CIV. 14-743 KG/RHS, 2014 WL 6910478, *2 (D.N.M. Sept. 16, 2014) (unpublished) (noting that "more judges in this district apply the *Rivers* factors in deciding whether to grant a stay pending transfer to an MDL court"). All of the *Rivers* factors weigh in favor of granting a stay in this case.

  Potential prejudice to the State is minimal. The State asserts that because removal was improper, the Court should adjudicate the motion to remand before considering the motion to stay. The Court disagrees. First, contrary to the State's argument, staying the case in anticipation of remand will not foreclose the resolution of its pending motion to remand. Courts in this district recognize that a pending motion to remand is not an impediment to transfer. The State will have the opportunity to  present its motion to remand to the transferee judge. *See Torres*, 2014 WL 6910478, at *2 (acknowledging that a district court may in its discretion stay proceedings pending an MDL transfer without first ruling on a pending motion to remand) (citing *Pace v. Merck & Co.*, No. CIV 04-1356MCA/ACT, 2005 WL 6125457, *1 (D.N.M. Jan. 10, 2005) (unpublished)) (other citations omitted). Indeed, as defendants point out, "pre-trial orders issued by Judge Breyer make clear[] [that] the MDL court intends to consider each and every remand motion presented by a plaintiff whose action was removed to federal court and subsequently transferred to the MDL." Doc. 13 at 2; *see also* Docs. 13-1 (Pretrial Order No. 8) at 5, 13-2 (Pretrial Order No. 10).

Further, the Panel has issued a conditional transfer order to include this case as a "tag-along action" in the multidistrict litigation, *see* Doc. 12-2, alleviating the State's concerns that this case will be needlessly delayed.

On the other hand, if the Court denies a stay, defendants will bear the burden of duplicative litigation in different courts and the possibility of conflicting decisions. "More generally, if a stay is not entered, Defendants will likely be forced to repeat a large amount of discovery and motion practice in each of the separate cases." *Torres*, 2014 WL 6910478, at *3 (internal quotation and brackets omitted).

Finally, a stay would prevent duplicative and possibly inconsistent rulings and would conserve judicial resources. "Judicial resources are conserved by staying the action because, if the transfer order is ultimately granted, the Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge." *Torres*, 2014 WL 6910478, at *3 (internal quotations and citation omitted).

In light of the above analysis, I conclude that the proceedings in this case should be stayed pending transfer to the Panel.

IT IS ORDERED that defendants' Motion for Stay (Doc. 7) is granted. All proceedings in this case, including the filing of responsive pleadings or motions, are stayed pending the decision of whether to transfer this case to the Northern District of California for consolidation with other related cases.

Laura Fashing
United States Magistrate Judge