I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.

ATTEST:
SUSAN Y. SOONG
Clerk, U.S. District Court
Northern District of California

by: _____
Deputy Clerk
Date: 03 June 2016

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: VOLKSWAGEN "CLEAN DIESEL"
MARKETING, SALES PRACTICES, AND
PRODUCTS LIABILITY LITIGATION**                          MDL No. 2672

## TRANSFER ORDER

     **Before the Panel**:[*]  Plaintiffs in 41 actions listed on the attached Schedule A move under Panel Rule 7.1 to vacate the Panel's orders conditionally transferring their respective actions to MDL No. 2672.  Volkswagen defendants[1] (collectively VW) oppose all motions.

     After considering the argument of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2672, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  Moreover, transfer is warranted for the reasons set out in our order directing centralization. In that order, we held that the Northern District of California was an appropriate Section 1407 forum for actions sharing factual questions regarding the role of VW and related entities in equipping certain 2.0 and 3.0 liter diesel engines with software allegedly designed to engage emissions controls only when the vehicles undergo official testing, while at other times the engines emit nitrous oxide well in excess of legal limits.  *See In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, ___ F. Supp. 3d ___, 2015 WL 8543102 (J.P.M.L., Dec. 8, 2015).  These actions

---

     [*] Certain Panel members have interests that normally would disqualify them under 28 U.S.C. § 455 from participating in the decision of this matter.  Accordingly, the Panel invoked the Rule of Necessity, and four Panel members participated in the decision of this matter in order to provide the forum created by the governing statute, 28 U.S.C. § 1407.  *See In re Adelphia Commc'ns Corp. Sec. & Derivative Litig. (No. II)*, 273 F. Supp. 2d 1353 (J.P.M.L. 2003);  *In re Wireless Tel. Radio Frequency Emissions Prods. Liab. Litig.*, 170 F. Supp. 2d 1356, 1357-58 (J.P.M.L. 2001).  Judges Charles R. Breyer, Lewis A. Kaplan, and Catherine D. Perry took no part in the decision of this matter.

     [1] Volkswagen Group of America, Inc. (VWGoA).  Volkswagen AG (VW AG) and Dr. Ing. h.c. F. Porsche AG are headquartered in the Federal Republic of Germany and named as a defendant in certain actions. Although not yet served as required pursuant to the Convention On The Service Abroad of Judicial And Extrajudicial Documents In Civil Or Commercial Matters, [1969] 20 U.S.T. 361, T.I.A.S. No. 5538 (the "Convention"), and without waiver of their rights under the Convention, VW AG and Porsche AG have reportedly authorized VWGoA to state that they support VWGoA's position on the motions to vacate the CTOs before the Panel.

-2-

involve allegations related to affected VW, Audi and/or Porsche vehicles and clearly fall within the MDL's ambit.

      Plaintiffs in 40 actions argue against transfer primarily based on the pendency of their motions to remand their respective actions to state court. Plaintiffs can present their motions for remand to the transferee judge.[2] *See, e.g., In re: Ivy*, 901 F. 2d 7, 9 (2nd Cir. 1990); *In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

      The State plaintiff in the *State of New Mexico* action asserts that federal jurisdiction is lacking over this enforcement action, while also stressing the unique nature of the action and the local impact of the cars' pollution. The transferee judge can decide plaintiff's motion to remand, as in other cases. Plaintiff's argument that the action is distinct and contains unique claims is not persuasive. *State of New Mexico is* based upon the core factual questions of MDL No. 2672 – VW's conduct in installing defeat devices in over 500,000 of its diesel vehicles. Allowing this case to proceed separately would require a duplicative, and potentially inconsistent, decision on the core issue of VW's liability. We have transferred claims brought by a State so long as the action involves facts common to the MDL proceeding.[3] Given the overlapping factual issues and the potential for inconsistent or duplicative rulings on common issues, transfer is appropriate. The transferee judge, at his discretion, may deem it advisable to place *State of New Mexico* in a separate discovery or motion practice track.

---

   [2] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

   [3] *See, e.g., In re: Fresenius Granuflo/Naturalyte Dialysate Prods. Liab. Litig.*, MDL No. 2428, ECF No. 993 (J.P.M.L., Dec. 11, 2014) (rejecting Louisiana Attorney General's argument that its action should not be transferred to MDL because of "unique" factual and legal issues, noting that "while plaintiff in *State of Louisiana* may seek different relief, its claims are based on the same underlying facts as the actions already in MDL No. 2428. . . As we have repeatedly observed, the existence of unique claims is not a bar to transfer where common factual issues exist."); *In re: Zyprexa Prods. Liab. Litig.*, MDL No. 1596, ECF No. 497 (J.P.M.L. 2004) (transferring action brought by West Virginia Attorney General despite distinct legal theories alleged because the action contained facts common to the MDL).

-3-

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Charles R. Breyer for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell          R. David Proctor
Ellen Segal Huvelle

IN RE: VOLKSWAGEN "CLEAN DIESEL"
MARKETING,  SALES PRACTICES, AND
PRODUCTS LIABILITY LITIGATION                    MDL No. 2672


## SCHEDULE A


Northern District of Alabama

MARINO v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 2:16−00280
BENSON v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 5:16−00169
SUMMERS v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 7:16−00168


Southern District of Alabama

CHADWICK v. VOLKSWAGON GROUP OF AMERICA, INC., C.A. No. 1:16−00042
WAGNER v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 1:16−00069
SCHARWATH v. VOLKSWAGEN GROUP OF AMERICA, INC.,
        C.A. No. 1:16−00073


Central District of California

MAHAN, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL., C.A. No.
        2:16−01970


Eastern District of Louisiana

MCGOWAN v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
        C.A. No. 2:16−02377


District of Minnesota

ARGUELLO, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC.,
        C.A. No. 0:16−00211
GUNDERSON v. VOLKSWAGEN GROUP OF AMERICA, INC.,
        C.A. No. 0:16−00213
WERNER, ET AL. v. EICH MOTOR COMPANY, INC., ET AL., C.A. No. 0:16−00396
BUFFINGTON, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC.,
        C.A. No. 0:16−00666
WILLETT v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 0:16−00727
STICHA v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 0:16−00738

- A2 -

DAVIS v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
       C.A. No. 0:16‑00748
DETERMAN v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
       C.A. No. 0:16‑00749
EDENS v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
       C.A. No. 0:16‑00750
HINDERSCHEID v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
       C.A. No. 0:16‑00751
 HISE v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
       C.A. No. 0:16‑00752
MEYER, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
       C.A. No. 0:16‑00753
LESSARD v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
       C.A. No. 0:16‑00754
NYMAN v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
       C.A. No. 0:16‑00755
SCHAFBUCH v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
       C.A. No. 0:16‑00756
THUFTIN v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
       C.A. No. 0:16‑00757
WITTENBERG v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
       C.A. No. 0:16‑00758
TIANO v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
       C.A. No. 0:16‑00759
WEEKES v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
       C.A. No. 0:16‑00760

       Eastern District of Missouri

FULLER, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC.,
       C.A. No. 4:16‑00106

       District of New Mexico

STATE OF NEW MEXICO, ET AL. v. VOLKSWAGEN GROUP OF AMERICA,
       INC., ET AL., C.A. No. 1:16‑00147

       Middle District of North Carolina

HIGGINS v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 1:16‑00078

- A3 -

<u>District of Oregon</u>

FREEMAN, ET AL. v. VOLKSWAGEN GROUP OF AMERICA,
    C.A. No. 1:16‒00363
EASLEY, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC.,
    C.A. No. 2:16‒00365
WRIGHT, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC.,
    C.A. No. 3:16‒00366
ALLEN, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC.,
    C.A. No. 6:16‒00360
FLYNN, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC.,
    C.A. No. 6:16‒00361
ALEXANDER, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC.,
    C.A. No. 6:16‒00367

<u>Eastern District of Pennsylvania</u>

LAWRENCE v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
    C.A. No. 5:16‒00694
BOWERS, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
    C.A. No. 5:16‒00727

<u>Western District of Texas</u>

BANDA, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
    C.A. No. 1:16‒00255

<u>Western District of Washington</u>

POPE v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 2:16‒00146
CALL v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 2:16‒00158